**[J-98-2012][M.O. – Per Curiam]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 638 CAP
:
    Appellee : Appeal from the Order entered on
: 8/31/11 in the Court of Common Pleas,
: Criminal Division of Lancaster County at
    v. : No. CP-36-CR-0002324-2000
:
:
:
TEDOR DAVIDO, :
:
    Appellant : SUBMITTED: August 3, 2012


### CONCURRING OPINION


MR. JUSTICE SAYLOR                  DECIDED: December 15, 2014

I respectfully concur in the result. Although I agree with much of the substantive analysis presented by the majority in its treatment of various of Appellant's claims, I have sufficient differences with various elaborations that I am unable to supply a full joinder.

In particular, as pertains to Part II of the majority opinion -- which addresses Appellant's claim of deficient stewardship by virtue of his attorneys' failure to seek suppression -- I agree with Appellant that the PCRA court erred in its conclusion that an anonymous 911 report of a domestic disturbance, coupled with a responding officer's "gut feeling," meets the emergency aid exception to the warrant requirement so as to justify entry by police into a residence. Accord Kerman v. City of New York, 261 F.3d 229, 232-36 (2d Cir. 2001) (holding that a warrantless entry by police into an apartment

based on an uncorroborated, anonymous 911 report of a "mentally ill man . . . acting crazy and possibly [in possession of] a gun" violated the Fourth Amendment).

The majority references no decision which is closely akin to the present facts, but, instead, proceeds to bolsters its commentary via a series of case citations attended by loose parentheticals. For example, the majority characterizes People v. Chavez, 240 P.3d 488 (Colo. App. 2010), as a decision reflecting "exigencies heightened when officers arrived within minutes of domestic emergency call reporting physical assault but home was dark and no one answered officers' repeated knocks on front door." Majority Opinion, slip op. at 16. Chavez, however, did not involve an anonymous call, but rather, concerned circumstances in which the caller identified herself as the daughter of the domestic violence victim. See Chavez, 240 P.3d at 450 (explaining that, in Chavez, "the officers knew there had been a 911 call from the woman's daughter reporting domestic violence that was sufficiently serious to cause her to flee the home at night"). Indeed, the Chavez court went out of its way to distinguish the circumstances before the court from the anonymous-call paradigm. See id. at 452 ("The information from the daughter – an identified 'citizen-witness' with personal knowledge of the reported facts and no known reason to fabricate – was presumptively reliable." (emphasis added)).

In my view, the majority's approach to this issue represents a substantial and unwarranted attenuation of the emergency aid doctrine and Fourth Amendment law. From my point of view, the responding officers should have investigated the anonymous report further, for example, by checking with neighbors, before making entry into a private home.

I am able to concur in the result relative to this claim only because I credit the PCRA court's alternative rationale, applying the inevitable discovery exception to the warrant requirement. See generally Nix v. Williams, 467 U.S. 431, 447, 104 S. Ct.

2501, 2511 (1984) ("[W]hen, as here, the evidence in question would inevitably have been discovered without reference to the police error or misconduct, there is no nexus sufficient to provide a taint and the evidence is admissible."). Indeed, I find the circumstances at hand to present a paradigm instance for application of such exception.